WALTER *v.* PRATT.

REPLEVIN—CHATTEL MORTGAGES—GOOD FAITH—DIRECTED VERDICT.
In replevin proceedings to obtain possession of property covered by chattel mortgage, where plaintiff's testimony that he deemed himself insecure was in no way contradicted, question of his good faith was properly disposed of as question of law.

Appeal from Genesee; Parker (James S.), J. Submitted October 14, 1932. (Docket No. 105, Calendar No. 36,584.) Decided December 6, 1932.

Replevin by Arthur Walter against Fred Pratt and another to recover certain farm stock and tools. Directed verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Neithercut & Neithercut,* for plaintiff.

*Herbert W. Smith,* for defendants.

NORTH, J. Incident to the sale of a team of horses, a wagon, and certain farm tools by plaintiff to the defendant Fred Pratt, the former took a chattel mortgage from the latter and his wife. This chattel mortgage covered the property sold and in addition thereto six cows. It was given November 18, 1930, in the sum of $450, and was due and payable one year from date. The mortgage contained the usual clause that any time the mortgagee deemed himself insecure he might take possession of the mortgaged property. Asserting that he deemed himself insecure, in June, 1931, defendant demanded possession of the property. After being refused possession, he instituted replevin proceedings in the circuit court of Genesee county, and by execution of the writ obtained possession of the mortgaged property. Defendant's mother, Sarah Pratt, instituted suit against plaintiff herein and thereby established her claim that she was the owner of five of the cows and one of the horses which plaintiff had claimed were covered by his mortgage. Plaintiff's testimony is undisputed that before he started the instant suit in replevin he was aware that Mrs. Pratt claimed to be the owner of the five cows and one horse; and he also testified that if he had obtained possession of all the property covered by the mortgage it was doubtful whether it was sufficient to secure to him payment of the amount Mr. Pratt owed him. Some time prior to instituting the replevin suit, Pratt had told plaintiff that all he would ever get in satisfaction of the debt was the team and harness; and further, the former testified that his mother owned all the property.

Upon trial of the replevin case and at the close of proofs, the court granted plaintiff's motion that a verdict be directed in his favor. Judgment was

accordingly entered, and the defendants have appealed. The sole question presented is whether the circuit judge was justified under the record in directing verdict for plaintiff, or whether the question of plaintiff's good faith in asserting that he deemed himself insecure should have been presented to the jury as an issue of fact. In addition to the facts and circumstances above stated, it may be further noted that the property seized by plaintiff and held under the writ of replevin appears from the undisputed testimony to have been of far less value than the amount of the chattel mortgage. The circuit judge gave as his reasons for directing the verdict: "There is no evidence in this case, as I look at it, in any way to contradict the statement that the plaintiff believed himself to be insecure." A review of this record satisfies us that the circuit judge was fully justified in so holding.

The judgment is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.